UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RASHARD BROWN,<br>   Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTION,<br>THOMAS TURCO, III,<br>STEVEN SILVA,<br>KEITH NANO,<br>SAMUEL RAMOS, and<br>JOHN DOES 1–10,<br>   Defendants. | Civil Action No.<br>21-11117-ADB |

## MEMORANDUM AND ORDER

**BURROUGHS, D.J.**

Before the Court are plaintiff Rashard Brown's ("Brown") Verified Complaint, [ECF No. 1 ("Ver. Compl.")], and motion to proceed *in forma pauperis*, [ECF No. 2]. For the reasons stated below, the motion to proceed *in forma pauperis* is hereby ALLOWED. After screening under 28 U.S.C. § 1915(e)(2), all claims against the Department of Correction ("DOC") and the official capacity claims against the individual defendants are DISMISSED. Summonses shall issue as to the remaining claims against the individual defendants in their individual capacities, save for the unidentified "Doe" defendants.

### I. BACKGROUND

The following factual allegations are taken as true for purposes of this screening. Brown claims that, as a result of a staff assault at Souza-Baranowsiki Correctional Center ("SBCC"), defendants Superintendent Steven Silva ("Silva") and Deputy of Operations Keith Nano ("Nano") "coordinated an institutional search of the prison," and Commissioner Thomas Turco III ("Turco") authorized defendant Captain Samuel Ramos ("Ramos") to conduct no-knock cell

entry into certain inmate's cells, purportedly in violation of force regulations and procedures. [Ver. Compl. ¶¶ 17–21]. According to Brown, those targeted were "[b]lack inmates that had been identified as Security Threat Group [("STG")] members." [Id. ¶ 21]. Brown says it was "poor judgment" by Turco "to incite a situation in which inmates would be taught a punitive lesson" in response to the staff assault. [Id. ¶ 23]. Brown alleges that he was not part of a STG and that Silva, Nano, and others knew it, but nonetheless placed him on a "hit list" for the cell searches. [Id. ¶¶ 23–25].

Brown asserts that his cell was "breached" by Ramos and other unknown defendants because he is "a black STG inmate unrelated to the staff assault incident." [Ver. Compl. ¶ 26]. He claims that he was "tackled" to the ground, hit his head on the bed frame, and that an unknown defendant placed a "knee on his neck obstructing his ability to breath[e]." [Id. ¶ 27]. After being handcuffed and escorted to another room, Brown asked why force had been used and was told that "[a] message had to be sent to prevent future assaults against staff." [Id.] Brown alleges that he was denied medical and mental health treatment. [Id. ¶ 28]. He brought a grievance for excessive force and denial of medical treatment, which was denied. [Id. ¶¶ 29, 30].

Brown was later transported to "Norfolk prison pending an out of state transfer in retaliation for grievancing the assault . . . from the 'no-knock cell entry.'" [Ver. Compl. ¶ 30]. According to Brown, Turco, Silva, Nano, and others "coordinated [Brown's] transfer to MCI-Norfolk administrative segregation and began to manipulate Brown's recent institutional history as justification to characterize him as a present threat warranting transfer in retaliation for his grievance." [Id. ¶ 31].

**II.   DISCUSSION**

    A.    <u>Motion to Proceed in Forma Pauperis and Assessment of Filing Fee</u>

Brown's motion for leave to proceed *in forma pauperis*, [ECF No. 2], is <u>ALLOWED</u>. Pursuant to 28 U.S.C. § 1915(b)(1), an initial partial filing fee of $72.67 is assessed. The remaining $277.33 shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

    B.    <u>Initial Screening of the Complaint</u>

Brown's complaint is subject to screening pursuant to 28 U.S.C. § 1915 ("Section 1915") because Brown is proceeding *in forma pauperis*, and pursuant to 28 U.S.C. § 1915A ("Section 1915A") because he is a prisoner. Both Section 1915 and Section 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). In conducting this review, the court liberally construes Brown's complaint because he is proceeding *pro se*. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520–21 (1972). Brown brings six counts in his complaint seeking only monetary relief: Counts I and II (Civil Rights Violation under 42 U.S.C. § 1983); Count III (Civil Rights Violation Under G.L.C. 12 §11I & 11H); Counts IV and V (Massachusetts State Tort Act Violations); and Count VI (Municipal Liability Violation Pursuant to 42 U.S.C. § 1983). All claims are asserted against the individual defendants in their individual and official capacities. [Ver. Compl. ¶¶ 3–16].

        1.    Section 1983 Claims (Counts I, II and VI) Against the DOC and Against the Individual Defendants in their Official Capacities for Monetary Damages are Dismissed.

"Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." <u>Jarvis v. Vill.</u>

Gun Shop, Inc., 805 F.3d 1, 7 (1st Cir. 2015) (quoting Redondo–Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005)).  State actors, acting in an official capacity, are not "persons" within the meaning of § 1983 for monetary damages.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Under the Eleventh Amendment to the U.S. Constitution, "[s]tates and their agencies are entitled to sovereign immunity 'regardless of the relief sought.'" Poirier v. Massachusetts Dept. of Correction, 558 F.3d 92, 97 (1st Cir. 2009) (quoting Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099 (1985)); Cavitt v. MDOC,19-cv-12479, 2020 WL 8970663, at *1 (D. Mass. Mar. 12, 2020). Furthermore, "[a]bsent an explicit waiver from the state, the Eleventh Amendment bars official capacity suits against state actors in federal court unless the suit seeks prospective injunctive relief." Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003).

As an initial matter, regardless of the relief sought, to the extent that the complaint is construed to bring 42 U.S.C. §1983 claims against the DOC, Counts I and II are DISMISSED on Eleventh Amendment sovereign immunity grounds.  Poirier, 558 at 97 (1st Cir. 2009) (affirming dismissal of the Massachusetts Department of Correction on Eleventh Amendment sovereign immunity grounds).  Furthermore, all of the individual defendants are entitled to sovereign immunity in their official capacities and such claims are DISMISSED.  Finally, although Brown purports to seek monetary damages under a "municipal liability" theory in Count VI, such claims are inapplicable here where no municipality is a defendant in this action.  These Counts are not dismissed to the extent they seek Section 1983 damages from individual defendants in their individual capacities.

        2.        Civil Rights Violation Claims under G.L. c. 12 §§11I & 11H (Count III) Against the DOC and Against the Individual Defendants in their Official Capacities for Monetary Damages are Dismissed

"To establish a claim under the Massachusetts Civil Rights Act [G.L. c. 12 §§11I & 11H] ('MCRA'), a plaintiff must prove that (1) his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation, or coercion." Maraj v. Massachusetts, 836 F. Supp. 2d 17, 30 (D. Mass. 2011) (internal quotation marks omitted). An MCRA claim cannot be brought against the DOC or individual defendants in their official capacities. Muldoon v. Dept. of Correction, 15-cv-13892, 2017 WL 506250, at *3 (D. Mass. Feb. 7, 2017). Accordingly, all claims against the DOC and official capacity claims under Counts III and IV are DISMISSED.

        3.        Massachusetts Tort Claims Act Violations (Counts IV and V) Against the DOC and Against the Individual Defendants in their Official Capacities for Monetary Damages are Dismissed

Brown brings claims under the "Massachusetts State Tort Act" for assault and battery and intentional infliction of emotional distress, which this Court construes as an attempt to bring claims under the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258 §1 et al. (the "MTCA"), because the Commonwealth and its agencies are immune from common law negligence suits. Canales v. Gatzunis, 979 F. Supp. 2d 164, 175 (D. Mass. 2013). This immunity is applicable to suits against state officers in their official capacities. Id. Nevertheless, an MTCA claim for an intentional tort, including assault and battery or intentional mental distress, are exceptions to the MTCA and claims against the DOC and official capacity claims against its officers are subject to sovereign immunity under Massachusetts state law. Mass. Gen. laws ch. 258 § 10(c). Moreover, while the Commonwealth of Massachusetts has consented to

certain tort actions, it has not consented to MTCA claims in federal courts. Ayala v. Dunne, 20-cv-40127, --- F.Supp.3d ----, 2021 WL 2117206, at *4 (D. Mass. May 25, 2021). Accordingly, to the extent that Brown seeks to bring tort claims against the DOC and official capacity claims against individual defendants under the MTCA, those claims are DISMISSED for lack of subject matter jurisdiction.

### III.   CONCLUSION AND ORDER

1. Brown's motion for leave to proceed *in forma pauperis*, [ECF No. 2], is ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), an initial partial filing fee of $72.67 is assessed. The remaining $277.33 shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk is directed to send a copy of this order and notice to the Treasurer where Brown is incarcerated.

2. All claims against the DOC and all claims against the individual defendants in their official capacities are DISMISSED.

3. Summonses shall issue only as to the identified individual defendants: Thomas Turco, III, Steven Silva, Keith Nano, and Samuel Ramos.[1] The Clerk shall send the summonses, complaint, and this Order to Brown, who must thereafter serve the above-identified individual defendants in accordance with Federal Rule of Civil Procedure 4(m). Brown may elect to have service made by the United States Marshals Service. If directed by Brown to do so, the United States Marshals Service

---

[1] Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. See Martínez-Rivera v. Ramos, 498 F.3d 3, 8 (1st Cir. 2007). If, through discovery, the plaintiff discovers the true names of the "John Doe" defendants, he "should act promptly to seek leave to amend the complaint to substitute the correct parties and to dismiss any baseless claims." Id. at 8 n.5.

shall serve the summonses, complaint, and this Order upon the above-identified individual defendants, in the manner directed by Brown, with all costs of service to be advanced by the United States.  Notwithstanding this Order to the United States Marshals Service, it remains Brown's responsibility to provide the United States Marshals Service with all necessary paperwork and service information. Notwithstanding Federal Rule of Civil Procedure 4(m) and Local Rule 4.1, Brown shall have 90 days from the date of this Order to complete service

**SO ORDERED.**

Dated:  August 11, 2021

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
United States District Judge