UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RASHARD BROWN,**          Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Civil Action No.<br>) 21-cv-11117-ADB |
| **DEPARTMENT OF CORRECTIONS,**<br>**THOMAS A. TURCO, III,**<br>**STEVEN SILVA,**<br>**KEITH NANO,**<br>**SAMUEL RAMOS and**<br>**JOHN DOES 1 -10,**          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**BURROUGHS, D.J.**

      Plaintiff Rashard Brown's ("Brown") motion for appointment of pro bono counsel (ECF No. 12) is hereby <u>DENIED</u> without prejudice, subject to refiling after the defendants respond to the Complaint.  Although pursuant to 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).  The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. <u>Id.</u>; 28 U.S.C. 1915(e)(1).  "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  <u>Id.</u>  At this stage of the proceedings, the motion is premature and, on this

record, Brown has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.

    **SO ORDERED.**

October 27, 2021                                             /s/ Allison D. Burroughs
                                                                                ALLISON D. BURROUGHS
                                                                                U.S. DISTRICT JUDGE